# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**Joshua Fields,**

    **PLAINTIFF,**

**VS.**                                             **CV NO.:**

**Burlington Coat Factory Warehouse Corporation,**

    **DEFENDANT.**                         **JURY TRIAL DEMANDED**

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff Joshua Fields, (hereinafter "Plaintiff") is a resident of Mobile, Mobile County, Alabama, and performed work for the Defendant in the counties composing the Southern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant

to 28 U.S.C. § 1391(b), venue for this action lies in the Southern District, Southern Division.

3. Defendant Burlington Coat Factory Warehouse Corporation (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

## III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. Defendant hired Plaintiff on or about February 20, 2023.

6. Defendant employed Plaintiff as an Operation Service Manager.

7. At all times relevant to this Complaint, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

8. Defendant paid Plaintiff a rate of $32.25 per hour.

9. Prior to Plaintiff's employment, Defendant paid Operation Service Managers a salaried rate.

10. Defendant recognized that based on their job duties, Operation Service Managers were non-exempt employees as defined by the Fair Labor Standards Act.

11. To enforce the maximum hour requirements established by the Fair Labor Standards Act, Defendant implemented bonus incentives for its General Managers, wherein the fewer employees that work more than forty (40) hours in a workweek, the higher the General Managers' bonus will be.

12. Defendant employed Paul (LNU) as General Manager over Plaintiff's worksite.

13. Paul (LNU) was eligible for an incentive bonus if he kept his employees below forty (40) hours each workweek.

14. Paul (LNU) regularly manipulated the time records of the hourly employees under his supervision to reflect those employees had worked forty (40) hours or less in each workweek.

15. Plaintiff frequently worked beyond forty (40) hours in a workweek.

16. When Plaintiff worked beyond forty (40) hours in a workweek, Paul (LNU) manipulated Plaintiff's time records to appear that Plaintiff had worked forty (40) hours or less.

17. Defendant employs or employed Colleen (LNU) as District Manager.

18. During late July or early August 2023, Plaintiff reported Paul (LNU)'s time manipulation to Colleen (LNU).

19. Plaintiff provided Colleen (LNU) evidence of his initial time clock records and the modified time records.

20. Defendant investigated Plaintiff's report and found that Paul (LNU) had manipulated time records.

21. On or about August 18, 2023, Plaintiff resigned his employment.

22. Following Plaintiff's termination, Defendant made the decision to provide all *active* employees with their unpaid overtime wages.

23. Plaintiff contacted Colleen (LNU) and asked whether Defendant would be providing him his unpaid overtime wages.

24. Colleen (LNU) did not provide Plaintiff with an answer.

25. Defendant did not provide Plaintiff with his unpaid overtime wages.

26. Upon information and belief, Defendant did not provide any of its *former* employees their unpaid overtime wages.

## IV. COUNT ONE – FLSA – Overtime Violations

27. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-26 above.

28. During the three years preceding the filing of this Complaint, Defendant has been an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

29. During the three years preceding the filing of this Complaint, Defendant has been a company wherein two or more employees, including the Plaintiff, are

engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

30. Defendant's gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 for quarters ending on March 31, 2022; June 30, 2022; September 2022, December 31, 2022; March 31, 2023; June 30, 2023; and September 30, 2023.

31. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

32. During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated Operation Service Managers were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

33. Plaintiff and all similarly situated hourly employees were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant.

34. Plaintiff's interstate commercial activity included, but was not limited to, handling and selling products that originated out of state or outside of the United States, and processing credit card and debit card transactions that crossed state lines.

35. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a workweek on at least one or more occasion.

36. Defendant failed to pay Plaintiff for all hours worked in excess of forty in a workweek.

37. Plaintiff notified District Manager Colleen that Defendant had failed to pay him overtime for all hours worked in excess of forty in a workweek.

38. Defendant investigated Plaintiff's complaints and confirmed that his complaints were true.

39. Defendant did not compensate Plaintiff for his unpaid overtime wages.

40. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Whitney Morgan

OF COUNSEL:

ALLEN D. ARNOLD, LLC
6 Office Park South, Ste. 209
Birmingham, Alabama 35223
T: (205) 252-1550
F: (205) 469-7163
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
Burlington Coat Factory Warehouse Corporation
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104