**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JOSHUA FIELDS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 25-00054-KD-M** |
| | ) | |
| BURLINGTON COAT FACTORY | ) | |
| WAREHOUSE CORPORATION, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the Renewed Joint Motion for Entry of Order Approving

Settlement and Dismissing Case with Prejudice. (Doc. 10). Upon consideration, and for the

reasons stated below, the Motion is **GRANTED**.

I.       **Analysis**[1]

In the parties' first Motion for Approval of Settlement, (doc. 6), the settlement agreement

submitted contained four provisions the Court did not see the relevance of or believed may make

the agreement unreasonable or unfair. The Court ordered the parties to either remove or explain

the relevance of the mutual release, the Employee Medicare Declaration, the STEPS program

provision, and the Employee Rights Under the Older Workers Benefit Protection Act provision,

and renew their Motion and submit a new Settlement Agreement. (Doc. 9). The Court also

ordered the Plaintiff Joshua Fields ("Fields") to provide the requisite information for the Court to

review and award attorney's fees. (Id.). The parties complied with the Court's Order in their

---

[1] The facts of the case and the bone fide dispute between the parties were established in the Court's Septembr 29, 2025 Order, (doc. 9).

1

Renewed Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice, (doc. 10).

  a.  Fair and Reasonableness

The Fair Labor Standards Act ("FLSA") states that "[a]ny employer who violates the provision of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages[.]" 29 U.S.C. § 216(b). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982). The purpose of scrutinizing the settlement agreement for fairness is "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." Crabtree v. Volkert, Inc., No. CIV.A. 11-0529-WS-B, 2013 WL 593500 *3 (S.D. Ala. Feb. 14, 2013) (quoting Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274,1282 (M.D. Ala. 2011)). There is a strong presumption of finding FLSA settlements fair and reasonable. Stokes v. Gulf Distrib. Co. of Mobile, LLC, No. CV 17-0443-WS-M, 2018 WL 1881265 *3 (S.D. Ala. Apr. 19, 2018). "Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonable of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach, will almost by definition, be reasonable."" Id. (quoting Bonetti v. Embarq Management Co., 715 F.Supp. 2d 1222, 1227 (M.D. Fla. 2009).

2

In their Renewed Motion, the parties state that the Revised Settlement Agreement will provide Fields with $3,322.88 in totality with $695.63 for back wages, $695.63 for liquidated damages, and $1,931.62 for attorney's fees and costs. (Doc. 10 at p. 3).  According to the parties, the amount Defendant Burlington Coat Factory Warehouse Corporation ("Burlington") agreed to pay for back wages represents the full amount of back wages owed without compromise, and the amount of liquidated damages represents the full amount of liquidated damages at issue. (Id.). The attorney's fees for Fields' counsel were negotiated separately from the amount owed to Fields for back wages and liquidated damages. (Id.). Fields also submits that he fully understands the Revised Settlement Agreement and consulted with his counsel before agreeing to the Revised Settlement Agreement, which he entered into knowingly and voluntarily. (Id.). The parties also assert that the Revised Settlement Agreement is the result of "good faith, arms' length negotiations in an effort to resolve their bona fide dispute." (Id. at p. 7).

The Court has reviewed the Revised Settlement Agreement between the parties and finds that most of the questionable provisions were removed, specifically the Mutual Release provision, the Employee Medicare Declaration, and the Employee Rights Under the Older Workers Benefit Protection Act provision. (Doc. 10 at p. 2). The parties kept the STEPS program provision as a part of the Settlement Agreement and explained its relevance. (Id. at p. 2-3). The parties state:

> Burlington's Steps To Effective Problem Solving ("STEPS") program includes a binding arbitration provision which, absent an employee's timely opt-out from the arbitration portion of the program, applies to any present or future claims, including FLSA claims, that he or she might bring against Burlington (or that Burlington might bring against those employees) related to their employment…Plaintiff was enrolled in the STEPS Program as a condition of his employment. Therefore, the Parties made clear in Paragraph No. 18 of the Revised Agreement that they are not waiving the provisions of the STEPS program by entering into the Revised Settlement. Meaning, any future claims

by either party will be subject to arbitration. Therefore, the STEPS language that appears in the Revised Agreement is appropriate and relevant here.

(Id.). Paragraph 18 of the Revised Settlement Agreement provides:

This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement, except for the arbitration agreement Plaintiff entered into with Burlington in connection with Burlington's STEPS program, which remains in full force and effect.

(Doc. 10-1 at p. 7). The Revised Settlement Agreement does not compromise any non-FLSA claims Fields may bring against Burlington with the inclusion of the STEPS program. The parties agree that settlement was entered into "in recognition of the risks…specifically, for Plaintiff, the risk of no recovery or a recovery that is less than the one obtained through this proposed agreement, and for the Defendant, the risk of a verdict against it on the merits." (Doc. 10 at p. 5). Therefore, the Court finds that the Revised Settlement Agreement is a fair and reasonable resolution of Fields' FLSA claims and approves the Revised Settlement Agreement.

b. Attorney's Fees

Previously, the Court indicated that the parties did not provide enough information to award attorney's fees. (Doc. 9 at p. 8-9). The Court allowed for the parties to submit the requisite information to determine whether the attorney's fees are reasonable. (Id. at p. 9). In their Renewed Motion, the parties represent that the attorney's fees were negotiated separately from Fields' claims, and that attorney's fees were not discussed until Fields received full satisfaction for his claims. (Doc. 10 at p. 3). Fields' primary counsel, Allen D. Arnold ("Arnold") attached a Declaration detailing time spent on the case, the hourly rate requested, and the hourly rate as a result of the proposed settlement agreement. (Id. at p. 3-4). Arnold seeks attorney's fees in the amount of $1,520 and reimbursement cost in the amount of $411.62. (Doc. 10-3 at p. 7).

4

The FLSA permits the recovery of reasonable attorney's fees. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that on conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 Fed. Appx. 349, 352 (11th Cir. 2009). "[C]ourts consider whether the fees were negotiated separately and apart from a plaintiff's settlement of the FLSA claims." Pleasants v. Pilot Catastrophe Servs., Inc., No. CV 23-00132-KD-MU, 2024 WL 1892296 *6 (S.D. Ala. Apr. 30, 2024) (citing Wing v. Plann B Corp., 2012 WL 4746258 *4 (M.S. Fla. 2012)).

Reasonable attorney's fees are calculated by multiplying "the number of hours reasonably expended…by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the "lodestar."" Ass'n of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (citation omitted). Courts can also use its own knowledge and experience on proper attorney's fees and may exercise independent judgment. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation omitted).

In his Declaration, Arnold testifies that his firm recorded a total of 16.4 billable hours of work for Fields, but the firm is only claiming a total of 8.3 hours of work. (Doc. 10-3 at p. 3). These hours are split between Arnold, claiming 5.9 hours, and associate attorney Whitney Morgan Brown, claiming 2.4 hours. (Id. at p. 3-4). Arnold also testifies that the hourly rate the

5

firm charged for work on the Settlement Agreement is below Arnold's usual rate for his services and below previously accepted hourly rates by this Court. (Id. at p. 6).[2]

Because Arnold adjusted his hours expended on the case and agreed to a significantly lesser amount for the attorney's fee, the lodestar calculation is not necessary. The Court finds, in its independent judgment, the amount requested of $1,520.00 is reasonable. Therefore, Arnold is awarded a reasonable attorney fee of $1,520.00.

Arnold also requests reimbursement for costs in the amount of $411.62. (Doc. 10-3 at p. 8). The Court may award such costs as found in 28 U.S.C. §1920. Thus, costs of $411.62 are awarded.

## II.    Conclusion

For the reasons stated above, the Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice is **GRANTED**, and the Settlement Agreement between the parties is **APPROVED**. This action is thereby **DISMISSED with prejudice**.

A separate entry of Judgment shall be entered this day in accordance with Federal Rule of Civil Procedure 58(a).

**DONE** and **ORDERED** this **6th day** of **May 2026**.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Arnold usually charges $425.00 per hour for his service, but testifies the agreed upon amount for attorney's fees reflects an hourly rate of less than $100.00 per hour for total hours worked. (Doc. 10-3 at p. 5-6).